# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CYNTHIA VERONICA RAMOS MARTINEZ, <br> Defendant. | Case No. 19CR4455-H <br><br> ORDER DENYING DEFENDANT'S APPEAL AND AFFIRMING THE MAGISTRATE JUDGE'S DETENTION ORDER <br><br> (Doc. No. 38.) |

Pending before the Court is Defendant Cynthia Veronica Ramos Martinez's ("Defendant") second appeal of the Magistrate Judge's detention order (Doc. No. 38) filed on April 4, 2020.[1] The Defendant tendered a guilty plea before the Honorable Linda Lopez to Count One of the Information charging the Defendant with importation of methamphetamine in violation of Title 21 U.S.C. §§ 952 and 960. (Doc. No. 26.) The Magistrate Judge issued her findings and recommendations to this Court, recommending that the Court accept the Defendant's guilty plea. (Doc. No. 29.) No objections having been filed, the Court accepted the Defendant's guilty plea.

---

[1] The Defendant first appealed the Magistrate Judge's detention order on October 30, 2019. (Doc. No. 13.) The Court denied the Defendant's appeal and affirmed the Magistrate Judge's detention order on November 22, 2019. (Doc. No. 24.)

-1-

(Doc. No. 30.) The Presentence Report ("PSR") has been filed (Doc. No. 33) and the Defendant's is currently set for sentencing on April 13, 2020. (Doc. No. 34.) The Court has jurisdiction to hear this matter under Title 18 U.S.C. § 3145(b) and is required to determine the Defendant's motion promptly. A district judge reviews *de novo* a magistrate judge's decision to detain the defendant. United States v. Koenig, 912 F.2d 1190 (9th Cir. 1990). Under Koenig, a district judge is to make his or her own *de novo* determination of facts without deference to the magistrate judge's ultimate conclusion. However, "the district court is not required to start over in every case, and proceed as if the magistrate's decision and findings did not exist." Id at 1193.

The Bail Reform Act, Title 18 U.S.C. § 3142(g), requires the Court to consider four factors in determining whether to detain or release a defendant: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, record concerning appearance at court proceedings, and whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

When considering the nature of the offenses charged, the Court also considers the penalties associated with the charges. United States v. Townsend, 897 F.2d 989, 995 (9th Cir. 1990). Additionally, "the weight of the evidence is the least important of the various factors." United States v. Motamedi, 767 F.2d 1403, 1408 (9th Cir. 1985)

(internal citations omitted). Although immigration status is not a listed factor to consider in determining bail, "[a]lienage may be taken into account, but it is not dispositive." United States v. Santos-Flores, 794 F.3d 1088, 1090 (9th Cir. 2015). However, "[a] defendant's immigration detainer is not a factor in this analysis, whether as evidence for or against a finding that the defendant poses a risk of nonappearance." United States v. Diaz-Hernandez, 943 F.3d 1196, 1199 (9th Cir. 2019).

The government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk. Santos-Flores at 1090. A finding that a defendant is a danger to any other person or the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f)(2)(B). Furthermore, the Court is prohibited from imposing a financial condition that would result in the de facto detention of a defendant. 18 U.S.C. § 3142(c)(2); see also Diaz-Hernandez at 1199 (Affirming the district judge's detention order based on the district court's finding that the defendant would not be able to post bond in the amount that the district judge theorized would reasonably assure the defendant's appearance.).

Since this Court has accepted the Defendant's guilty plea, the "provisions of 18 U.S.C. § 3143 govern release pending sentencing… [and] [t]he burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant." Fed. R. Crim. P. 46. Accordingly, under Title 18 U.S.C. § 3143 and Fed. R. Crim. P. 46, the Defendant must prove by clear and convincing evidence that she is not likely to flee or pose a danger to any other person or the community. Additionally, given the nature of the charges in this case, there is a rebuttal presumption that that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community under Title 18 U.S.C. § 3142(e)(3)(A). Furthermore, "[t]he presumption is not erased when a defendant proffers evidence to rebut it; rather the presumption 'remains in the case as an evidentiary finding militating against release, to be weighed

along with other evidence relevant to factors listed in § 3142(g).'" United States v. Hir, 517 F.3d 1081, 1086 (9th Cir. 2008) (citing United States v. Dominguez, 783 F.2d 702, 707 (7th Cir. 1986)).

As the Court previously orally noted on the record for the first appeal, the factors weighing in favor of the Defendant's release include the Defendant's family ties in the United States and the Defendant's lack of criminal history. The factors weighing against release include the presumption that the Defendant is a flight risk and a danger to the community based on the charges, the nature of the charges, the severe penalties of the charges, the adverse immigration consequences to the Defendant if convicted, and the factor that the Defendant is not a citizen of the United States.

Two circumstances in this case have changed since the last appeal of the Magistrate Judge's detention order. The first change in circumstances is the Defendant's guilty plea to Count One of the Information, which raises the Defendant's burden of proof to show by clear and convincing evidence that she is not likely to flee or pose a danger to any other person or the community. The second change in circumstances is the current COVID-19 pandemic. The Defendant argues that the COVID-19 outbreak warrants setting bail in this case and focuses her argument on the heighten risk of transmitting the virus within the detention facilities. However, "as concerning as the COVID-19 pandemic is, resolving an appeal of an order of detention must in the first instance be an individualized assessment of the factors identified by the Bail Reform Act[.]" United States v. Martin, 2020 WL 1274854, at *3 (D. Md. Mar. 17, 2020) (Grimm, J.); See also United States v. Lee, No. 19-CR-298 (KBJ), 2020 WL 1541049, at *7 (D.D.C. Mar. 30, 2020) (Jackson, J.) ("[T]he generalized risks posed by the COVID-19 pandemic do not alter the individualized balance of the statutory factors that Congress prescribed for determining the propriety of the defendant's detention in this particular case[.]"). According to the PSR, the Defendant is 46 years old and suffers from general back pain. (Doc. No. 33 at para.

44.) There is no evidence in record that the Defendant suffers from any underlying medical condition that would put herself at risk of developing severe symptoms of a COVID-19 infection. See Lee at *4 ("[P]ersonal circumstances are not like those of other defendants for whom COVID-19 has a readily material bearing—e.g., those who have underlying medical conditions[.]"). Additionally, as the Government outlined in its response, the detention facilities are taking active precautions to limit the potential spread of the virus within its facilities.

After *de novo* review of the entire record before the Court and weighing the appropriate factors in determining bail, the Court concludes that the Magistrate Judge's detention order is fully supported by all the facts and circumstances of this case. The Court cannot find by clear and convincing evidence that the Defendant is not likely to flee. Accordingly, the Court DENIES the Defendant's request to set bail in this case and AFFIRMS the Magistrate Judge's detention order.

IT IS SO ORDERED.

DATED: April 7, 2020

_____
HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE